UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 4:06-CR-00347 |
| § | CIVIL ACTION NO. 4:16-cv-01928 |
| HULON JAMES LOUDD § | |

## OPINION AND ORDER

## ADOPTING MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION

Pending before the Court in the above referenced proceeding is Movant Hulon James Loudd's, § 2255 Motion to Vacate, Set Aside or Correct Sentence (Doc. 207); the United States' Response and Motion to Dismiss (Doc. 213); and Judge Stacy's Memorandum and Recommendation that the Court deny the § 2255 Motion and grant the United States' Motion for Dismissal. (Doc. 214). Movant filed objections to the Memorandum and Recommendation. (Doc. 216).

I. **Background**

Movant, who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255, for the second time and as authorized by the United States Court of Appeals for the Fifth Circuit. (Doc. 208).

On September 28, 2006, Loudd was charged by Indictment with unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). The Indictment states in pertinent part that Loudd had sustained "*three previous convictions for a violent felony*, serious drug offense, or both, committed on occasions different from each other." (Doc. 1, emphasis added). Because the characterization of the three prior convictions is at issue,

the remaining factual and procedural history is adopted from the Memorandum and Recommendation without repetition. (Doc. 214 at 1–3).

In addition, on April 19, 2017, the Magistrate Judge filed a Memorandum and Recommendation. On May 8, 2017, Movant filed objections to the Memorandum and Recommendation.

**II.    Standard of Review**

Objections timely filed within fourteen days of entry of the United States magistrate judge's memorandum and recommendation must specifically identify the findings or recommendations for which the party seeks reconsideration. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Fed. R. Crim. P. 59(b)(2); *United States v. Moreno*, No. CR H-03-235, 2017 WL 635503, at *2 (S.D. Tex. Feb. 16, 2017) (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)). The court does not have to consider "frivolous, conclusive, or general objections." *Moreno*, 2017 WL 635503, at *2 (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (per curiam)). Findings by the magistrate judge to which the party specifically objects must be reviewed *de novo* under 28 U.S.C. § 636(b)(1)(C). *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

Where Movant untimely filed objections or did not specifically object to findings of the magistrate judge, after a warning, the Court will review the memorandum and recommendation only to decide whether the memorandum and recommendation is clearly erroneous or contrary to law. *Gamez v. United States*, No. SA-06-CR-401-XR, 2014 WL 2114043, at *2 (W.D. Tex. May 20, 2014) (citing *Wilson*, 864 F.2d at 1221); *see Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017) (holding that where a party was advised that he must timely file objections, and he did not timely file objections, that he is entitled only to plain error review of the magistrate judge's

recommendation). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Once a defendant has been convicted and has exhausted or waived his or her right to appeal, a Court may presume that he or she "stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Therefore relief under § 2255 is limited to "transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). The court's ability to reduce or modify a sentence of imprisonment once it has been imposed is restricted. *United States v. Lopez*, 26 F.3d 512, 515 (5th Cir. 1994) (per curiam). There are four grounds on which a defendant may move to vacate, set aside, or correct his or her sentence under § 2255: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the [district] court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law"; and (4) the sentence was "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "A defendant can challenge [his or her] conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his[ or her] procedural default and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (citations omitted).

The Court has carefully reviewed the filings, the Magistrate Judge's Memorandum and Recommendation, and the applicable law and finds the portion of the Memorandum and Recommendation not specifically challenged by movant is not erroneous in its factual findings nor contrary to law. Accordingly, the Court hereby adopts the unchallenged portions of the

Magistrate Judge's Memorandum and Recommendation as its own.

Here, the magistrate judge's Memorandum and Recommendations contained a warning about the consequences of failing to object in writing. Despite the warning, Movant filed his objections late, but the Court may and does consider whether the objected portion of the memorandum and recommendation is contrary to law. *See Wilson*, 864 F.2d at 1221; *Quinn*, 863 F.3d at 358.

### III. Decision

In Movant's objections to the findings of the Magistrate Judge, he reiterates his prior allegations from his § 2255 petition. (*See* Doc. 207 at 5; Doc. 216 at 1–2). As the Magistrate Judge summarizes, "Loudd argues that he is no longer an armed career criminal, . . . and that [his] conviction [is] unconstitutional . . . [because] []his three prior convictions no longer qualify as violent felonies under the ACCA." (*See* Doc. 214 at 3). Movant contends "that two or more of the predicate felony offenses . . . designating him as an armed career offender qualified for that by virtue of the residual clause" of the Armed Career Criminal Act ("ACCA"), "which is unconstitutional by way of *Johnson v. United States*," 135 S.Ct. 2551 (2015). (*Id.* at 2.) Because "the Fifth Circuit has not decided if aggravated robbery by threat or fear qualifies as a predicate Force Clause of the ACCA," Movant "seeks relief" for the sentence he received under 18 U.S.C. "924(e) enhancement." (*Id.*). In other words, Movant alleges that aggravated robbery is not a violent felony sufficient to enhance his sentence.

But if robbery constitutes a violent felony, then aggravated robbery also constitutes a violent felony. The Magistrate Judge calls to this Court's attention two Post-*Johnson* decisions from two district courts in the Southern District of Texas who have held that the Texas robbery statute constitutes a violent felony for ACCA purposes. *See United States v. Garza*, No. 2:04-

CR-269, 2017 WL 318861 (S.D. Tex. Jan. 23, 2017); *United States v. Roman*, No. CR H-92-160, 2016 WL 7388388 (S.D. Tex. Dec. 20, 2016); *but see United States v. Fennell*, No. 3:15-CR-443-L (01), 2016 WL 4491728 (N.D. Tex. Aug. 25, 2016), *reconsideration denied*, No. 3:15-CR-443-L (01), 2016 WL 4702557 (N.D. Tex. Sept. 8, 2016) *and aff'd*, No 16-11424, 2017 WL 3530351 (5th Cir. Aug. 16, 2017) (not designated for publication). The Magistrate Judge subsequently explains that if the robbery statute is a violent felony under the ACCA, then aggravated robbery is also a violent felony under the ACCA, in pertinent part, as follows:

> Because the Texas aggravated robbery statute incorporates the elements of the robbery statute, it follows that aggravated robbery also constitutes a violent felony for purposes of the ACCA. Aggravated robbery requires the defendant to "intentionally or knowingly threaten[] or place[] another in fear of imminent bodily injury or death," it "has as an element the use, attempted use, or threatened use of physical force against the person as another" as that term is used under 18 U.S.C.§ 924(e)(2)(B)(i). [TEX. PENAL CODE ANN. § 29.03(a);] *see Howard v. State*, 333 S.W.3d 137, 138 (Tex. Crim. App. 2011)(The plain language of Tex. Penal Code § 20.03(a)(2) "encompasses not just explicit threats, but whatever implicit threats [may] lead to the victim being placed in fear. So long as the defendant's actions are of such nature as in reason and common experience is likely to induce a person to part with his property against his will, any actual or perceived threat of imminent bodily injury will satisfy this element of the offense."). Thus [Movant's] three 1991 Texas aggravated robbery convictions were a "violent felony" under the force-clause for purposes of the ACCA.

(Doc. 214 at 8). We agree.

Finally, under 28 U.S.C. § 2253(c)(1)(B), "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255." *See also* Fed. R. App. P. 22(b)(1) ("In a habeas corpus proceeding in which the detention complained of arises from . . . a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c).").

Furthermore, "[a] certificate of appealability may issue . . . only if the applicant has made

a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his[ or her] constitutional claims or that jurists could conclude the issue presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), *citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where the district court denies a § 2255 motion on the merits, to warrant an certificate of appealability a movant must be able to show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003), *citing Slack*, 529 U.S. at 484. A district court may deny a certificate of appealability *sua sponte. Haynes v. Quarterman*, 526 F.3d 189, 193 (5th Cir. 2008) (citing *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam)).

Based on the above standards, the Court concludes that Movant is entitled to a COA on the sole issue of whether Texas aggravated robbery, pursuant to Texas Penal Code Section 29.03, constitutes a violent felony for purposes of the ACCA. TEX. PENAL CODE ANN. § 29.03; *see Garza*, 2017 WL 318861, at *3 (S.D. Tex. Jan. 23, 2017) (granting a COA for the same concerning Texas robbery pursuant to Texas Penal Code Section 29.02).

IV. **Conclusion**

Accordingly, it is hereby

ORDERED the United States' Motion for Dismissal is GRANTED, Movant's § 2255 Motion and Objections are DENIED. It is further

ORDERED that a certificate of appealability is GRANTED on the sole issue of whether a conviction pursuant to § 29.03 requires the use of or threatened use of force as set out in 18 U.S.C. § 924(e)(2)(B)(i)

SIGNED at Houston, Texas, this 26th day of September, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE